Benjamin Brenner, J.
This petition will be considered as an application which, in effect, seeks to mandamus a Judge of the Civil Court to fix an undertaking pending an appeal from a judgment of dispossess. The petitioner claims that such fixation is not a discretionary function but the Judge’s absolute duty, as prescribed by CPLR 5519 (subd. [a], par. 6). The issue does not involve the discretion of the court of first instance *203 to approve the bond in form, sufficiency and amount satisfactory to him but rather whether he is mandated to approve some undertaking or may flatly decline to do so, unless, as stated by him, he “is so ordered by the Appellate Term of the Supreme Court, Second Department.”
It is my view that enforcement in summary proceedings, which presently culminate in judgment pursuant to CPLR 411, are included in the automatic stay provisions of CPLR 5519 (subd. [a]) where the property is still in possession of the tenant. I am inclined to this view because the newly enacted CPLR has eliminated the special provisions for a stay pending appeal from a determination in summary proceedings which previously had been provided by Civil Practice Act section 1443 (14 Carmody-Wait, New York Practice, 1965 Supp., p. 48).
It is thus necessary to determine as a matter of first impression whether, under this newly enacted statute, the court of first instance may arbitrarily decline to fix any bond at all. I believe it may not.
It has been indicated by eminent commentators (7 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 5519.02, p. 55-125) that the major change effected by the statute is its “ unambiguous grant of authority to the courts to control stays and the terms on which they may be enjoyed whether or not they come within the ‘ automatic stay ’ provisions of subdivision (a) ”. Undoubtedly, it is the latter portion of subdivision (c) of the same statute which gives wide discretion to either the court of the first instance or the court to which the appeal is taken to vacate, limit or modify any existing stay. This, however, presupposes that a stay has already been procured whether the stay be automatic or otherwise. It does not follow, therefore, that the discretion to remove or modify an existing stay is equivalent to a grant of power to prevent the self-executing operation of an automatic stay expressly provided by statute by the means here employed, namely, a deliberate withholding of the court’s signature to the fixation of the undertaking so prescribed.
Of course, the contrary is argued in behalf of respondent, i.e., that the power to remove or modify assumes the power to suspend the right to the automatic stay in the first place. Authority inferentiafly helpful to that point of view is that of Dady v. O’Rourke (65 App. Div. 465) which required the court of first instance to fix the bond for a stay without court order, wherein it was reasoned that approval of the bond was necessary because the provision of sections 1328 to 1331 of the Code of Civil Procedure gave no discretion at all to the court of first instance to vacate or modify the stay. This is no authority, *204 however, for the proposition that given the power to vacate or modify a stay pending appeal creates á like power to avoid a duty reasonably inferred from the language of the statute that the court must initially fix the undertaking to put in effect the self-executing provision for the stay without court order. Clearly, the stay without court order was intended to become automatically operative, and equally plain is the fact that once the stay is in operation the court may, in the interest of justice, vacate, limit or modify it. Incidentally, such power to alter also assumes that it be exercised in the sound discretion of the court and not, as here, to abort the automatic provisions of the stay by failure to perform a ministerial act.
I therefore conclude that Mr. Justice Peablman was required to fix the bond.
However, a problem of propriety is involved. I am asked to order an esteemed jurist, more learned than I, to perform a judicial function which to him s eems wholly discretionary. Were our situations reversed and he the Trial Justice of general jurisdiction and I the Justice of limited jurisdiction, I would naturally resent being directed by him to perform an involuntary judicial function as to which there is no clear-cut authority. Indeed, my sense of judicial pride would in such case be sorely offended, if not mortally wounded, by the presumption of a non-appellate Judge to pass upon the propriety of a colleague’s judicial act not unequivocally or explicitly mandated.
In any case, an article 78 proceeding, which includes the present application for mandamus, does not lie where an official act may be otherwise reviewed. (CPLR 7801, subd. 1.) Here there is a clear right of review, as the petitioner may apply directly to the Appellate Term with respect to respondent’s refusal to approve the bond (CPLR 5704, subd. [b]). Moreover, a request for a stay in summary proceeding is customarily made directly to the Appellate Term.
In the circumstances the petition is in all respects denied.