■ FRANK MULLY et al., Respondents, v. ROBERT K. DRAYN et al., Appellants.— Order unanimously modified on the law and facts in accordance with the memorandum and as modified affirmed, with costs to plaintiffs; Goldman, P. J. not participating. Memorandum: Special Term, in its discretion, correctly stayed all proceedings under the judgment until the determination of the appeal therefrom, and properly fixed the undertaking to be filed by plaintiffs. The procedure employed and the hearing conducted by the court, while denominated as being brought pursuant to CPLR 5519 (subd. [a], par. 6), were in full conformity with the requirements and provisions of subdivision (c) thereof. Unlike the unilateral procedure contemplated by CPLR 5519 (subd. [a], par. 6), all necessary parties were served with notice of the application, defendants were afforded a full opportunity to be heard and the matter was determined following a complete hearing on the merits. We hold, therefore, that the application was actually and properly determined pursuant to CPLR 5519 (subd. [c]). (Appeal from part of order of Ontario Special Term staying proceedings.) Present — Goldman, P. J., Del Vecchio, Witmer, Gabrielli and Cardamone, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v. FRITZ URICH, Respondent.— Order unanimously reversed on the law and facts and indictment reinstated. Memorandum: The first count of the indictment accused defendant and another of criminally selling a dangerous drug in violation of section 220.35 of the Penal Law. The second count accused the same defendants of criminal possession of a dangerous drug in violation of section 220.10. County Court dismissed the indictment on the ground that the Grand Jury minutes contain no proof that defendant acted as agent for the seller (*People* v. *Lindsey,* 16 A D 2d 805, affd. 12 N Y 2d 958; *People* v. *Harris,* 28 A D 2d 1174). Testimony before the Grand Jury shows that defendant asked an undercover agent whether he wanted to buy some hash for $7 a gram, that the officer agreed to buy some for that price and that defendant took him to the codefendant's apartment where he purchased two grams for $14. This proof establishes prima facie that defendant was acting as agent of the seller and not as a matter of law that he was acting as agent of the buyer. (*People* v. *Hingerton,* 26 N Y 2d 790; *People* v. *Fisher,* 35 A D 2d 886.) Furthermore, subdivision 5 of section 220.00 of the Penal Law provides: "'Sell' means to sell, exchange, give or dispose of to another, or to offer or agree to do the same." Section 20.00 makes one criminally liable for the conduct of another "when, acting with the mental culpability required for the commission thereof, he solicits, requests, commands, importunes, or intentionally aids such person to engage in such conduct." We conclude that upon the proof before the Grand Jury and in view of these provisions it was error to dismiss the indictment. (Appeal from order of Herkimer County Court dismissing indictment.) Present — Del Vecchio, J. P., Marsh, Gabrielli, Moule and Henry, JJ.