■ BEN HOROWITZ et al., Appellants, v SAFECO INSURANCE COMPANY OF AMERICA, Respondent.—Appeal from (1) an order of the Supreme Court at Special Term, entered February 21, 1975 in Broome County, which granted defendant's motion for summary judgment dismissing the complaint, and (2) the judgment entered thereon. In 1970, plaintiffs leased a warehouse to Overmeyer Corporation (hereinafter Overmeyer) and at the same time Overmeyer executed a conditional assignment to plaintiffs of the subleases it then had or would obtain for the warehouse. According to its terms, the assignment agreement would take effect whenever Overmeyer was in default on its primary lease, and plaintiffs reserved the right to apply rents they collected from the subtenants to either past or current obligations of Overmeyer under said lease. Subsequently it developed that, following a period of nonpayment of rent by Overmeyer, plaintiffs obtained a judgment on September 19, 1973 putting them in possession of the warehouse in question and removing Overmeyer therefrom, and, in order to stay that judgment pending appeal, Overmeyer, pursuant to CPLR 5519 (subd [a], par 6), posted an undertaking issued by defendant herein. Thereafter, on December 6, 1973, Overmeyer's appeal was dismissed, and possession of the property was delivered to plaintiffs on December 14, 1973. Contending that they were still due rent from Overmeyer for the period of approximately

three months during the pendency of Overmeyer's appeal and until delivery of possession of the warehouse to them, plaintiffs brought this action to obtain judgment therefor on defendant's bond, but we agree with Special Term's grant of summary judgment dismissing the complaint. The facts are not in dispute, and it is conceded by the parties that the rental value of the warehouse for the three-month period in question was $30,438.85 and that plaintiffs received rental payments for this same period totaling $31,860.80 from Overmeyer's subtenants. The undertaking, in pertinent part, provides as follows: "If the judgment appealed from, or any part thereof, is affirmed, or the appeal is dismissed, the respondent [Overmeyer] will pay the value of the use and occupancy of the aforesaid real property, or the part thereof as to which the judgment is affirmed, from the taking of the appeal until the delivery of possession of the aforesaid real property." Thus, the issue is whether the plaintiffs, having received full value for the use and occupancy of the premises for the pertinent period through its acceptance of rent from the subtenants, can apply those moneys to past debts and collect from the surety "the value of the use and occupancy" for the same period. It is our opinion that the provision of the undertaking whereby defendant guaranteed plaintiffs that they would be paid by Overmeyer the value of the use and occupancy of the warehouse during the pendency of the appeal and until they received possession of the property was fully satisfied by plaintiffs' receipt of the subtenants' payments and the fact that the plaintiffs thereafter unilaterally, at least as far as the surety was concerned, elected to apply these payments to Overmeyer's past debts is irrelevant in this action on the defendant's undertaking. The unique factual situation presented here and the nature of the undertaking distinguish the case at bar from those authorities cited by the appellants. Moreover, this result serves to accomplish the obvious legislative purpose of CPLR 5519 (subd [a], par 6) in requiring the posting of an undertaking in these circumstances for the reason that, by collecting rentals directly from the subtenants just as if Overmeyer were not in possession of the property, plaintiffs received precisely what they would have received had there been no appeal. The undertaking did not provide that they should receive more. Order and judgment affirmed, with costs to respondent. Herlihy, P. J., Main, Larkin and Reynolds, JJ., concur; Greenblott, J., not taking part.