■ In the Matter of the CITY OF NEW YORK, Respondent, Relative to Acquiring Title to Real Property for the College Point Industrial Park Urban Renewal Project II, in the Borough of Queens. MHG ENTERPRISES, INC., et al., Appellants.—In a condemnation proceeding, the condemnees in possession appeal from an order of the Supreme Court, Queens County, dated October 7, 1975, which, *inter alia,* denied their motion to set aside two prior orders of the same court, which orders directed them to vacate the subject premises. The appeal also brings up for review a further order of the same court, dated November 19, 1975, which, *inter alia,* denied appellant's motion for leave to renew. Orders affirmed, with one bill of $50 costs and disbursements, and proceeding remanded to Special Term for further proceedings consistent herewith. Appellants own and operate an amusement center in Flushing, New York, upon land, a portion of which is owned by them, a portion of which they occupy as lessees and a third portion of which they occupy as squatters. Title to the land in question vested in the City of New York (the City) during the years 1972-1974; but, as early as August, 1970, appellants were aware of the impending condemnation. The City intends, by acquiring some 560 acres, to develop an industrial park and to provide economic growth for manufacturing and distributing firms. The area is to be a showcase industrial park capable of providing economic markets and job opportunities for New Yorkers. The Public Development Corporation is acting as agent for the City, pursuant to a contract adopted by the Board of Estimate. At present the City has fulfilled its commitment to those engaged in the enhancement and improvement of the land in question and wishes to complete the project without incurring prohibitive costs which could delay, if not defeat, the entire project. A writ of assistance to gain possession of the land was sought by the City in September, 1974; the result was a stipulation and a consent order, each dated March 10, 1975, which, in effect, permitted appellants to continue in possession pending a condemnation award by the court. Appellants' right to remain in possession was extended up to and including November 25, 1975 by a series of court orders. Appellants sought to set aside and vacate the stipulation of March 10, 1975, and the order entered thereon, on the grounds that they are being asked to vacate the property without just compensation and without a proper showing of "need". Primarily they argue that the City's fiscal condition is such that they are being deprived of their property in violation of constitutional mandate. They suggest and demand that the City pay in advance for that which it is taking. The stipulation was executed by experienced counsel and with the court's approval. Appellants' argument that the same is ambiguous, or was entered into inadvertently or by mistake, is not established by the record on this appeal. Although we recognize the City's fiscal problems, there has been no showing that it is unable or unwilling to fulfill its legal commitment to properly compensate appellants for the property condemned. In *Brewster v Rogers Co.* (169 NY 73, 80), the court stated: "It was settled early in the history of this state that when private property is taken for public use, compensation need not necessarily precede the appropriation; but it was also settled that where payment does not precede appropriation, it must be secure and certain. *(Bloodgood v Mohawk & Hudson R.R. Co.,* 18

Wend. 9.) The responsibility of the state or of one of its municipal corporations or political divisions is deemed sufficient". In *Sage v City of Brooklyn* (89 NY 189), it was held that the full faith and credit of a political division is security for the discharge of a constitutional obligation such as the payment for land appropriated for public use. Accordingly, we affirm the orders and remand the proceeding to Special Term for the fixing of a new date by which appellants must vacate the subject premises. This proceeding should be finalized as soon as practicable. Martuscello, Acting P. J., Latham, Cohalan, Rabin and Titone, JJ., concur.