Edward J. Greenfield, J.
This is a CPLR article 78 proceeding for a writ of mandamus directing respondent, a Judge of the Civil Court of the City of New York, to fix an amount of *18 undertaking pursuant to CPLR 5519 (subd [a], par 6), thereby-enabling petitioners to obtain a stay enforcement of the order of the Judge directing petitioners as tenants to quit certain business premises at 1111 Avenue of the Americas, Borough of Manhattan, pending appeal to the Appellate Term of this court, and enabling petitioners to obtain a stay of execution of the warrant eviction.
Petitioners are tenants of certain premises at 1111 Avenue of the Americas. Their landlord instituted summary proceedings in the Civil Court, New York County to dispossess them on the grounds that they were "holdovers”. While the summary proceeding against petitioners was pending in Civil Court, petitioners brought an antitrust action against their landlord in Supreme Court, New York County. The antitrust action, in the Supreme Court and the dispossess proceeding in the Civil Court were ultimately settled and the settlement embodied in a comprehensive stipulation of settlement dated June 7, 1974. Paragraphs 2, 3, 4, 5 and 6 of the stipulation relate to the Civil Court dispossess proceeding and provide as follows:
"2. In a summary proceeding instituted in the Civil Court of the City of New York under L & T Index Number 29261 of 1972, the respondents consent to the entry of a Final Judgment of Possession for the subject premises therein with a stay of issuance and execution of the warrant of eviction, up to and including December 31, 1975.
"3. During the pendency of the stay of execution of the warrant, the respondents agree to pay as and for Use and Occupancy on the subject premises commencing June 1, 1974, the total sum of two thousand, seven hundred and no/100 ($2,700.00) dollars per month for the pendency of the respondents’ stay in possession of the subject premises.
"4. The final judgment of possession consented to herein is on consent and upon the specific understanding that no further or additional applications for any stay shall be made by any of the respondents/tenants in that proceeding nor shall there by any appeal taken from this consent final judgment.
"5. Plaintiffs in both actions and present occupants do not waive any claim to security in the sum of $4,800.00 and plaintiffs and present occupants fully reserve the right to assert any and all claims for return of security in any forum. Notwithstanding anything in this stipulation to the contrary set forth.
*19 "6. Nothing herein stated above shall be construed to interfere with the rights of the present occupants of the subject premises under L & T No. 29261 of 1972 to remain in possession so long as the Use and Occupancy agreed upon is paid through the term of the stay, December 31, 1975.”
Pursuant to these terms the landlord obtained a final judgment awarding possession to landlord. Petitioner, prior to December 31, 1975, the final day of the stay of execution, per paragraph 2 of stipulation, sought to vacate the stipulation of settlement upon the grounds that a fire on the premises occupied by petitioners prevented them from conducting business for a period of one month. The application to vacate the stipulation was denied by order of the Civil Court dated January 19, 1976, which also directed petitioners to quit the premises and directed the issuance of the warrant for petitioners removal from the premises. Petitioner has filed a notice of appeal from such order, and has applied unsuccessfully for a stay in the Appellate Term pending appeal from such order.
Petitioner now seeks from this court an order directing the same Civil Court Judge to stay enforcement of the warrant of eviction and to fix an undertaking in connection therewith, pending the appeal. Petitioners argue that respondent Civil Court Judge has no discretion in the matter; that the act of staying issuance of warrant of eviction by fixing an undertaking pursuant to CPLR 5519 (subd [a], par 6) is mandatory and ministerial; that respondent exceeded his powers in refusing to fix an undertaking, citing Oleck v Pearlman, (49 Misc 2d 202). CPLR 5519 (subd [a], par 6) provides for an automatic stay pending appeal on condition that the persons in occupancy or control of real estate file "an undertaking in a sum fixed by the court of original instance”. Obviously, petitioners have waived their rights to the benefits under CPLR 5519 (subd [a], par 6) by agreeing in the stipulation of settlement not to appeal from the judgment. The question before this court, then, is whether petitioners may waive their right to appeal from the judgment awarding possession and their right to a stay of enforcement of the order awarding possession. As stated in volume 92 of Corpus Juris Secundum page 1066, Rights and Privileges Subject to Waiver: "the doctrine of waiver extends to rights and privileges of any character * * * that a person may waive any matter which affects his property * * * whether secured by contract, conferred by statute, or guaranteed by constitution * * * provided the waiver of the *20 right or privilege is not forbidden by law, and does not contravene public policy”.
The waiver given by petitioners is not forbidden by law and does not contravene public policy and is, therefore, valid and effective. Having waived the benefit of the statute petitioners cannot claim that respondent abused his power in refusing to perform an act not required of him or to confer a right which petitioners expressly relinquished.
Accordingly, the motion is denied and the petition is dismissed.