Norman C. Ryp, J.
What "say” does this court have on a stay for a use and occupancy paying holdover tenant to stay in possession during an appeal?
Mountbatten Equities, petitioner-landlord ("landlord”), moves, by order to show cause, dated August 4, 1976, to vacate tenants’ prior stay of issuance and execution of subject warrant of eviction until August 11, 1976 and schedule a hearing to fix tenants’ additional use and occupancy, effective May 1, 1976.
The Tabard Press Corp. and Advance Printing Co., respondent-tenants ("tenants”) cross-move, by cross order to show cause, dated August 5, 1976, for an order further extending said stay; or, in the alternative, fixing an undertaking to be given by tenants, pending an appeal under an automatic (without court order) stay, pursuant to CPLR 5519 (subd [a], par 6).
ISSUE
Must or may, pending appeal, the Civil Court, automatically or in its discretion, further stay a final judgment of possession against a holdover commercial tenant willing to give the required undertaking pursuant to CPLR 5519 (subd [a], par 6)?
At an August 9, 1976 hearing (whereat this court extended tenant’s stay pending determination of subject motions), both landlord and tenant agreed, in open court, that this appealing,
*862 although narrow, procedural question (of apparent first impression in the First Department) be decided by the appellate courts prior to any hearing by this court upon questions of discretionary stay, including the public interest factor, and amount and terms of reasonable use and occupancy, subject to further order by the appellate courts. The court noted its continued policy not to grant any unilateral relief, even under CPLR 5519 (subd [a], par 6), requiring all requested relief be subject to prior notice to and full opportunity to be heard by all necessary parties. (See CPLR 5519, subd [c]; Mully v Drayn, 37 AD2d 901.)
STATUTE — CIVIL PRACTICE LAW AND RULES — ART 55 — STAY OF ENFORCEMENT
"§ 5519. Stay of enforcement
"(a) Stay without court order. Service upon the adverse party of a notice of appeal or an affidavit of intention to move for permission to appeal stays all proceedings to enforce the judgment or order appealed from pending the appeal or determination on the motion for permission to appeal where:
”6. the appellant or moving party is in possession or control of real property which the judgment or order directs be conveyed or delivered’ and an undertaking in a sum fixed by the court of original instance be given that the appellant or moving party will not commit or suffer to be committed any waste and that if the judgment or order appealed from, or any part of it, is affirmed, or the appeal is dismissed, the appellant or moving party shall pay the value of the use and occupancy of such property, or the part of it as to which the judgment or order is affirmed, from the taking of the appeal until the delivery of possession of the property” (emphasis supplied).
FACTS AND PROCEDURAL HISTORY
Appellate expedition and judicial economy obviate repetition of the factual and procedural history contained in this court’s prior decision, dated May 14, 1976 (granting final judgment of possession, enforcement stayed until June 8, 1976) and supplemental decision and order, dated July 2, 1976 (extending stay until August 11, 1976, upon various conditions including noticed hearing to fix reasonable use and occupancy, effective July 1, 1976; 87 Misc 2d 865), both incorporated herein, except to update same.
On July 20, 1976, the New York City Board of Standards and Appeals ("BSA”) (calendar No. 606-75-BZ) by a 4 to 1 vote, *863 granted landlord’s variance to permit subject premises, in a manufacturing (MI-5) district, conversion to a nonconforming residential use. Tenant commenced, by order to show cause, dated August 6, 1976, an article 78 (CPLR 7801, 7803) special proceeding to review, annul, vacate and set aside said BSA decision and for a stay, pending determination plus a peliminary and permanent injunction thereof, returnable August 9, 1976 and adjourned to August 13, 1976, in the Supreme Court, New York County (index No. 14419/1976). To date, this court is not advised of any stay or injunctive relief granted to affect the proceedings herein.
On August 5, 1976, tenants served a notice of appeal, dated August 4, 1976, from the supplemental decision and order of this court, dated July 2, 1976 to the Supreme Court, Appellate Term, First Department.
CURRENT PARTIES’ CONTENTIONS
Landlord contends that especially since the BSA granting of its variance, it is and will sustain "enormous losses” from tenants’ holding over; so that the stay be vacated immediately with a further stay beyond this court’s reasonable discretion and no automatic CPLR 5519 (subd [a], par 6) applicable herein.
Tenants contend they will suffer "irreparable harm” in money damages and business efficiency and investment especially with printing now in preparation for the Board of Elections in the City of New York, have filed their notice of appeal and will file the requisite undertaking for a mandatory stay under CPLR 5519 (subd [a], par 6).
APPLICABLE LAW
There is the important clear meaning and reasonable interpretation of the above-cited provisions of CPLR 5519 (subd [a], par 6) entitled "stay without court order” under certain conditions, i.e.:
1. service upon the adverse party (landlord herein) of a notice of appeal; and
2. appellant (tenant herein) is in possession of real property; and
3. a judgment or order directs delivery thereof; and
4. an undertaking in a sum fixed by the court of original instance (Civil Court) be given that appellant (tenant) will not commit or suffer waste and if the appealed judgment or order is affirmed, wholly or partly, or the appeal is dismissed, *864 appellant (tenant herein) shall pay the value of the use and occupancy of such realty from the appeal until delivery of possession of realty (tenants’ monthly term [Real Property Law, § 232-c] subject to termination by court order enforcement).
It seems Nos. "1.” through "3.” are apparently applicable (with possible exception with strict compliance with Nos. "1.” and "3.’s” inter-relationship since it was the May 14, 1976 (not appealed from) not the July 2, 1976 decision (appealed from) that originally granted a final judgment of possession, but no such final judgment, to this court’s knowledge, appears to have entered and since the July 2, 1976 was a "supplemental decision and order” such incorporated the final judgment entry direction of the May 14, 1976 decision) with tenant ready, willing and allegedly able to comply with No. 4 and this court previously having directed a hearing on or before August 11, 1976 the amount of reasonable use and occupancy, effective July 1, 1976 (see par [c], els [1], [2], p 2, supplemental decision and order, dated July 2, 1976), the original purpose of the August 9, 1976 hearing, before both parties insisted upon instant appellate satisfaction.
The only case directly in point, from this court’s research, Oleck v Pearlman (49 Misc 2d 202), Mr. Justice Brenner held that under CPLR 5519 (subd [a], par 6) its "stay without court order was intended to become automatically operative” and "self-executing” although "once the stay is in operation the court may, in the interests of justice, vacate, limit or modify it” (Oleck v Pearlman, supra, p 204). This interpretation was recognized in dictum in a most recent case, in the First Department, Eleven Eleven Book Center v Ribaudo (86 Misc 2d 17) although such was unnecessary to directly reach since Mr. Justice Greenfield held that appellant’s statutory right under CPLR 5519 (subd [a], par 6) was waivable by stipulation between the parties within the law and public policy. Both the above cases were apparently commercial holdover summary proceedings as herein. The only other citations outside the First Department are consistent, and none contrary to this interpretation. (See, Horowitz v Safeco Ins. Co. of America, 50 AD2d 1042; Mully v Drayn, 37 AD2d 901, supra; also, Rasch, NY Landlord and Tenant [2d ed], Summary Proceedings, § 1418, p 251.)
CONCLUSION, DECISION AND ORDER
Accordingly, (1) Landlord’s motion to vacate the stay forth *865 with is denied except to direct a hearing upon notice to all necessary parties under CPLR 5519 (subd [a], par 6; subd [c]) and paragraph (c) of page 2 of this court’s supplemental decision and order, dated July 2, 1976, within 10 days after service by either party upon the other of a true copy of this second supplemental decision and order, with notice of entry. (2) Tenants’ cross motion is granted to the extent and in accordance with the foregoing. The operative effect of this order shall be stayed for five days after service by either party upon the other of a true copy of this second supplemental decision and order to afford either or both parties a reasonable opportunity to exercise their rights of appeal herefrom. In the interim and thereafter until further order of the court, tenant shall timely pay to landlord as and for reasonable use and occupancy, effective July 1, 1976, at the same rate heretofore paid as rent (including any "additional rent” contained in subject expired leases, plus any additional amounts ordered by the court, after the above hearing directed in the above order, item (1) herein.