OPINION OF THE COURT
Ralph Yachnin, J.
This motion by plaintiffs, made by order to show cause, dated October 15, 1993, for an order "fixing the amount of an undertaking to be given by the Plaintiffs pursuant to Section *1041 5519 (6) [sic] [*] of the CPLR”; the cross motion by defendant/ respondent, made by notice of cross motion, dated October 18, 1993, for an order vacating the stay contained in the October 15, 1993 order to show cause, directing the plaintiffs to pay "flip taxes” "on sales of any apartments after June of 1985”, and conditioning any stay in favor of plaintiffs on the payment of transfer fees; and the cross motion by defendants, made by notice of motion, dated November 3, 1993, for an order directing Goldweber and Hershkowitz to turn over escrow funds to the above-named defendant, vacating the stay aforementioned, and directing an accounting of transfers by the sponsor made more than three years after the closing of the cooperative and directing the payment of "flip taxes” on those sales; are all disposed of as follows:
THE STAY AND THE UNDERTAKING
Plaintiffs’ position is that pursuant to CPLR 5519 (a) (6) plaintiffs are entitled to an automatic stay pending appeal of this court’s March 9, 1993 and September 27, 1993 orders herein. This court agrees.
CPLR 5519 (a) (6) provides in pertinent part:
"(a) Stay without court order. Service upon the adverse party of a notice of appeal or an affidavit of intention to move for permission to appeal stays all proceedings to enforce the judgment or order appealed from pending the appeal or determination on the motion for permission to appeal where: * * *
"6. the appellant or moving party is in possession or control of real property which the judgment or order directs be conveyed or delivered, and an undertaking in a sum fixed by the court of original instance is given that the appellant or moving party will not commit or suffer to be committed any waste and that if the judgment or order appealed from, or any part of it, is affirmed, or the appeal is dismissed, the appellant or moving party shall pay the value of the use and occupancy of such property, or the part of it as to which the judgment or order is affirmed, from the taking of the appeal until the delivery of possession of the property.”
CPLR 105 (s) states: "(s) Real property 'Real property’ includes chattels real.”
Defendants maintain that plaintiffs’ interest in the cooperative apartments is personal property, not real property, while *1042 plaintiffs, of course, take the opposite position. The court has not found, and none of the litigants have pointed to, any case which squarely holds how to treat the subject property (real or personal) in the automatic stay context. This court holds that for present purposes, the subject property must be deemed to be realty, which means that the automatic stay provision of CPLR 5519 (a) (6) applies.
The court finds persuasive the references to the subject apartments. In its March 9, 1993 order herein, the court itself referred to the sale of the apartments, not the sale of the stock in the cooperative: "This Court directs that Petitioner sell all of his apartments forthwith.” Similarly in the court’s September 27, 1993 order: "the Court appoints * * * as Receiver to value and to sell the subject apartments.”
It is true that on the sale of a cooperative apartment the stock interest is sold; however, it is equally true that along with that interest goes a lease to use the apartment. It is common knowledge that many cooperatives preclude leasing to other than shareholders. The stock and lease are inextricably tied together for many purposes.
One treatise contains the following: "For certain purposes, the common law concept classifying a lease as personal property has been modified by statute making it a real property interest. Where such statutory modification has been effected treatment of the chattel real follows the rules applicable to realty. Accordingly, CPLR 105 (s) * * * defines real property to include chattels real. * * * It has been held that a lessee’s proprietary lease and stock ownership in a cooperative building corporation are chattels real and subject to execution and levy as real property.” (3 Warren’s Weed, New York Real Property, Leases and Lettings, § 1.02.)
In Matter of State Tax Commn, v Shor (43 NY2d 151, 154-157 [1977]), the Court (Breitel, Ch. J.) stated:
"The ownership interest of a tenant-shareholder in a cooperative apartment is sui generis. It reflects only an ownership of a proprietary lease, and therefore arguably an interest in a chattel real, conditional however upon his shareholder interest in the co-operative corporation, an interest always treated as personal property. The leasehold and the shareholding are inseparable. For some special purposes, the real property aspect may predominate [citation omitted] * * *
"The co-operative corporation owns the land and the building. Shares in the corporation are sold to each apartment *1043 'owner’, who receives a stock certificate, not a deed to real property. The shares entitle the shareholder to a long-term apartment 'proprietary’ lease. (See 4B Powell, Real Property [Rohan-rev ed], par 633.4.) One has, therefore, a mixed concept and terminology, superficially resembling the traditional rental apartment lease, except, for example, that the lessee pays monthly maintenance charges and is subject to assessments instead of rent. For some purposes it is a lease; for others it is a compact between co-operative corporation and cooperative tenant * * *
"Neither the stock certificate nor the lease, inseparably joined, can appropriately be viewed or valued in isolation from the other.” (Emphasis added.)
In Matter of Carmer (71 NY2d 781, 784-785 [1988]) then Chief Judge Sol Wachtler wrote: "The interest in a cooperative apartment is sui generis in modern property law, because it does not fit neatly into traditional property classifications; the interest is represented by shares of stock, which are personal property, yet in reality what is owned is not an interest in an ongoing business enterprise, but instead a right to possess real property (see, Matter of State Tax Commn. v Shor, 43 NY2d 151, 156; United Hous. Found. v Forman, 421 US 837, 851). Characterization of an interest in a cooperative apartment, therefore, is 'not resolved by uncritical resort either to the rubrics governing real property or those governing personal property.’ (Matter of State Tax Commn. v Shor, supra, at 156.) Instead, this court, and other courts, have assessed on a case-by-case basis which aspect of this paradoxical interest predominates, in order to determine the applicability of a particular rule of law or statutory scheme; for example, in United Hous. Found. v Forman (supra, at 848-851) the United States Supreme Court held that because shares in a housing cooperative are purchased primarily to provide living space, and lack the characteristics traditionally associated with stock, they are not 'securities’ for the purpose of Federal securities law”.
In Carmer (supra) the Court treated a cooperative as realty, thereby holding that a decedent’s interest in her cooperative passed to her residuary legatees as opposed to her specific legatees, to the latter of whom " 'all shares of common or preferred stock of any corporation which I may own at the time of my death’ ” were bequeathed. (Supra, at 783.)
So too here, the court must treat the plaintiffs’ interests as *1044 realty, not personalty, leaving as the next issue the amount of an undertaking which plaintiffs should be required to post.
The court is not unmindful of the fact that plaintiffs’ motion for a stay of this court’s March 9, 1993 order herein was denied by the Appellate Division, Second Department, decision and order on motion, dated April 12, 1993. That determination is not dispositive of this application. First, the order which plaintiffs there sought to stay is not the same order they seek to stay here. Second, it is unclear on what grounds plaintiffs there sought to obtain a stay. Third, there is no showing that a failure to assert the benefit of CPLR 5519 (a) (6) before would constitute a waiver of the right to assert it here.
After reviewing the papers submitted by the parties, the court has determined that the written submissions by the parties are an insufficient predicate upon which to set an undertaking. Therefore, the court hereby directs that a hearing be held at which each side may submit evidence to assist the court in setting an appropriate undertaking. The hearing shall take place before the undersigned on February 4, 1994, at 9:30 a.m.
THE FLIP TAX
All applications herein relating to the transfer or "flip tax” are denied. By order, dated June 26, 1992, this court determined that plaintiffs (there petitioners) were immune from said fee. It would appear that defendants (there respondents) have filed an appeal of such determination but that no resolution thereof has been had.

 The reference should be to CPLR 5519 (a) (6).