OPINION OF THE COURT
Stanley Parness, J.
This application is brought by condemnee, the operator of an adult entertainment retail business. Condemnee is subject to a writ of assistance in favor of condemnor Urban Development Corporation (UDC), awarding the latter possession of premises for which title vested on October 21, 1994. The execution of the writ was stayed by this court until October 15, 1995. Condemnee asks this court to fix an undertaking to effectuate a further automatic stay pending appeal, pursuant to CPLR 5519 (a) (6) which provides as follows:
"Stay without court order. Service upon the adverse party of a notice of appeal or an affidavit of intention to move for permission to appeal stays all proceedings to enforce the judgment or order appealed from pending the appeal or determination on the motion for permission to appeal where * * *
"the appellant or moving party is in possession or control of real property which the judgment or order directs be conveyed or delivered, and an undertaking in a sum fixed by the court of original instance is given that the appellant or moving party will not commit or suffer to be committed any waste and that if the judgment or order appealed from, or any part of it, is affirmed, or the appeal is dismissed, the appellant or moving party shall pay the value of the use and occupancy of such property, or .the part of it as to which the judgment or order is affirmed, from the taking of the appeal until the delivery of possession of the property.”
• Condemnor opposes the relief sought herein on the grounds that CPLR 5519 (a) (6) is inapplicable to a writ of assistance granted under the EDPL. Condemnor argues that the intent of the section is to protect a landlord’s interest in its rental property while an eviction warrant is appealed by a tenant. The undertaking would protect the landlord from tenant’s waste of the premises and failure to pay reasonable use and occupancy so that the landlord is made whole for his continued loss of the premises during the appeal. Condemnor’s contentions are borne out by the applicable case authorities. All of the decisions cited by condemnee concern the relationship between *911 landlord and tenant. Not a single one disposes of a condemnation claim. In Horowitz v Safeco Ins. Co. (50 AD2d 1042, 1043), the Court finds the purpose of the section to have been accomplished in that the landlords received "precisely what they would have received had there been no appeal”. In Baranello v 700 Shore Rd. (159 Misc 2d 1040, 1041), the stay was granted in a dispute between a cooperative apartment building and shareholder cooperator. Mountbatten Equities v Tabard Press Corp. (87 Misc 2d 861, mod 88 Misc 2d 831), Matter of Eleven Eleven Book Ctr. v Ribaudo (86 Misc 2d 17) and Matter of Oleck v Pearlman (49 Misc 2d 202) were all landlord-tenant cases. Condemnee’s assertion in the moving papers that "although commonly applied in cases of commercial and residential tenants * * * the statute is plainly applicable to orders granting a writ of assistance” is entirely conclusory and unsupported by the condemnee’s own authorities.
Indeed, it is plain that the purpose of the writ of assistance as used in article 4 of the EDPL is to enable the condemnor to obtain possession for the very purposes for which condemnation was originally sought, i.e., "to give due regard to the need to acquire property for public use” (EDPL 101). There is no monetary loss to be made whole to condemnor by an undertaking in a condemnation proceeding. Rather, the only remedy which will achieve the purpose of public use is the taking of public possession.
Moreover, EDPL 101 provides that the purpose of the EDPL, in its entirety, is to provide the "exclusive procedure by which property shall be acquired by exercise of the power of eminent domain in New York state”. It has been held by this court, and by the Appellate Division that condemnor has an absolute right to possession conditioned only on making available to condemnee an advance payment on the award as provided under EDPL 303 (see, New York State Urban Dev. Corp. v MJM Exhibitors, 193 AD2d 523, lv dismissed 82 NY2d 748).
The purpose of CPLR 5519 (a) is to protect the possessory interests of an appellant where a judgment or order directs the property be conveyed or delivered.
Under EDPL 207 the sole remedy to contest a condemnor’s application to obtain all interests in a property is a proceeding in the Appellate Division. No such proceeding was brought in the instant case and when title vested herein the property or possessory rights of all owners or tenants in the property were terminated. Thus the condemnee herein has no possessory *912 interest in the property it having been terminated on the vesting of title. In sum, condemnee neither asserts nor has any legal interest in the property to protect pending appeal or which can be obtained if the appeal is successful. Essentially, condemnee sought discretionary relief from this court that it direct the condemnor to continue to permit condemnee to remain in occupancy until the date construction at the site becomes more certain.
Such relief has been denied and any interim relief pending an appeal from that denial would more properly be governed by CPLR 5514 (c).
Accordingly, the condemnee’s application is denied in all respects.