OPINION OF THE COURT
Richard A. Goldberg, J.
On July 2, 1996, plaintiffs and defendant entered into a contract for the sale of certain real property for $250,000. Defendant refused to transfer the real property to plaintiffs on the ground that there was a tenant in the premises and the above-referenced contract required that the premises be *150 delivered vacant. Plaintiffs brought this action for specific performance of the contract of sale and subsequently moved for partial summary judgment for an order directing said specific performance. Justice Elliott Golden granted the motion by order dated January 22, 1998:
“Ordered that the defendant shall perform the contract of sale dated July 2, 1996 and execute the deed to the plaintiff[s] within 45 days of service of this Order with notice of entry; and it is further
“Ordered that if the defendant fails to comply within the time specified, the sheriff of the County of Kings is empowered to execute the deed to the plaintiff[s].”
Defendant subsequently filed a notice of appeal of Justice Golden’s order. Plaintiffs now move to hold defendant in contempt for failure to comply with the order. Defendant opposes the motion on the grounds that an automatic stay of all proceedings in the action is in effect pursuant to CPLR 5519 (a) (5) * and states that “simultaneously with the execution of this affidavit” he executed a deed to plaintiffs and deposited the deed in the Kings County Clerk’s Office. Plaintiffs reply that compliance with CPLR 5519 (a) (5) is insufficient in that CPLR 5519 (a) (6) requires the giving of an undertaking and that, pursuant to CPLR 5519 (a) (7), defendant must comply with both of the foregoing paragraphs of the statute. Plaintiffs also reply that, if the court directs the payment of such undertaking, the amount should be fixed at $250 per day for the 400 days anticipated before a decision on the appeal is handed down.
*151 Defendant argues that the statute merely requires compliance with one paragraph and that there is an automatic stay of the proceedings because he has executed the deed and deposited it with the County Clerk’s Office. However, although the statute does enumerate the conditions for a stay in alternative language, defendant cannot avoid the giving of security as a condition for a stay. Paragraph (6) clearly sets forth the requirements for a stay when an appellant is in possession of real property that the order from which the appeal is taken “directs be conveyed or delivered”. The mere execution and deposit of the deed does not relieve defendant of his statutory obligations if he wishes to reap the benefits of an automatic stay. Further, paragraph (7) is equally clear in its direction that an appellant must comply with each applicable paragraph when the order appealed from “directs the performance of two or more acts” enumerated in the previous paragraphs. Justice Golden’s order directed both the execution of an instrument, as enumerated in paragraph (5), and directed the conveyance of the real property at issue, as enumerated in paragraph (6). To permit defendant to pick and choose the acts he must perform flies in the face of the clear statutory language. Finally, given the agreed-upon amount of the value of the real property at issue, as expressed in the contract of sale, and the probable length of time before an appellate decision is rendered, it appears to the court that an undertaking in the amount of $100,000 would be reasonable and would serve to adequately protect plaintiffs in the event Justice Golden’s order is affirmed. Accordingly, plaintiffs’ motion is granted to the extent of the scheduling of a hearing on the issue of contempt unless defendant, within 20 days of service of this order with notice of entry, provides an undertaking in the amount of $100,000.

 CPLR 5519 provides, in relevant part:
“(a) Stay without court order. Service upon the adverse party of a notice of appeal or an affidavit of intention to move for permission to appeal stays all proceedings to enforce the judgment or order appealed from pending the appeal or determination on the motion for permission to appeal where * * *
“5. the judgment or order directs the execution of any instrument, and the instrument is executed and deposited in the office where the original judgment or order is entered to abide the direction of the court to which the appeal is taken; or
“6. the appellant or moving party is in possession or control of real property which the judgment or order directs be conveyed or delivered, and an undertaking in a sum fixed by the court of original instance is given that the appellant or moving party will not commit or suffer to be committed any waste and that if the judgment or order appealed from, or any part of it, is affirmed, or the appeal is dismissed, the appellant or moving party shall pay the value of the use and occupancy of such property * * * or “7. the judgment or order directs the performance of two or more of the acts specified in subparagraphs two through six and the appellant or moving party complies with each applicable subparagraph.”