■ In the Matter of VILLAGE OF PORT CHESTER, Respondent. GREATEST ESTATE SERVICES OF AMERICA, INC., et al., Appellants. [755 NYS2d 862 —In a condemnation proceeding, the appeal is from an order of the Supreme Court, Westchester County (Rosato, J.), entered March 25, 2002, which granted the motion of the Village of Port Chester for a writ of assistance for possession pursuant to EDPL 405 (A). Justice Sondra Miller has been substituted for the late Justice O'Brien (see 22 NYCRR 670.1 [c]).

■ In the Matter of VILLAGE OF PORT CHESTER, Respondent. FABIO SORTO, Doing Business as RINCONCITO SALVADORENO,

Appellant. [755 NYS2d 860] —In a condemnation proceeding, the appeal is from an order of the Supreme Court, Westchester County (Rosato, J.), dated March 18, 2002, which granted the motion of the Village of Port Chester for a writ of assistance for possession pursuant to EDPL 405 (A). Justice Sondra Miller has been substituted for the late Justice O'Brien (*see* 22 NYCRR 670.1 [c]).

Ordered that the order is affirmed, with costs.

The condemnor Village of Port Chester sought a writ of assistance to remove the appellant, Fabio Sorto, doing business as Rinconcito Salvadoreno (hereinafter Sorto), from property obtained by eminent domain (*see* EDPL 405 [A]). In support of its motion, the Village proffered evidence that the appellant was neither the owner nor the legal tenant of the property. Thus, the Village argued, the appellant was an "other occupant" of the property, not a "condemnee," and was subject to removal pursuant to EDPL 405 (A) without payment of an advance payment (*cf. New York State Urban Dev. Corp. v MJM Exhibitors,* 193 AD2d 523 [1993]; *Matter of City of New York [MHG Enters.],* 51 AD2d 798 [1976]; *Matter of New York State Urban Dev. Corp. [42nd St. Dev. Project],* 166 Misc 2d 909 [1995]). In opposition to the motion, the appellant failed to proffer competent evidence that he was entitled to compensation for fixtures in a restaurant located on the property, and therefore, was a "condemnee" who could not be removed without payment of an advance payment (*see generally Matter of City of New York [G & C Amusements],* 55 NY2d 353 [1982]). Accordingly, on the record made, a writ of assistance was properly granted.

The appellant's remaining contentions are not properly before this Court or are without merit. Ritter, J.P., S. Miller, Goldstein and Townes, JJ., concur.