Morgan v Morgan (2004 NY Slip Op 50285(U))

[*1]

Morgan v Morgan

2004 NY Slip Op 50285(U)

Decided on April 16, 2004

Supreme Court, Kings County

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on April 16, 2004

Supreme Court, Kings County
 KAY MORGAN and LARRY LOVETT MORGAN, Plaintiffs,
against
DOUGLAS MORGAN, EDWARD RIDLEY, JR., CLEMOTH J. RIDLEY and TAMARA T. GALLUP, Defendants.
Index No. 28533/97

Thoms Torto, Esq. New York NY for defendants
Hagan Coury and Associates Brooklyn NY for Plaintiffs

ARTHUR M. SCHACK, J.
In this real property action defendants were ordered to deliver the premises to plaintiff Kay Morgan. However, defendant Gallup remains in possession. Plaintiff Kay Morgan seeks a writ of assistance to remove defendant Gallup. Defendants cross-move for an automatic stay pending appeal. They claim an oral "undertaking" not to commit waste and to pay plaintiff Kay Morgan for use and occupancy if plaintiff Morgan is affirmed on appeal or defendants' appeal is dismissed.
 Justice Rappaport by an order and judgment, entered on December 11, 2003, held, after a bench trial and consideration of post trial submissions, inter alia that: plaintiff Kay Morgan is the sole owner, in fee simple absolute of the premises at 205 Rutland Road, Brooklyn, New York (Block 5035, Lot 45); and, defendant Gallup is awarded a judgment of $9,736.48 against plaintiff Kay Morgan.
Defendants filed a notice of appeal on January 8, 2004, and plaintiff Kay Morgan served defendants on January 20, 2004 with a 10-day notice to deliver possession of the premises. Defendant Gallup failed to vacate the premises in a timely manner.
Subsequently, plaintiff Kay Morgan moved by order to show cause, dated February 9, 2004, for a writ of assistance, pursuant to RPAPL §221. Defendants by notice of cross-motion, dated February 25, 2004, moved for an automatic stay of the enforcement of Justice Rappaport's December 11, 2003 order and judgment, pursuant to CPLR § 5591 (a) (6), pending their appeal, without filing an undertaking.
Writs of Assistance
 RPAPL § 221 states:
Where a judgment affecting the title to, or the possession,
enjoyment or use of, real property allots to any person a distinct parcel
of real property, or contains a direction for the sale of real property, or
[*2]
confirms such an allotment or sale, it also may direct the delivery of the
possession of the property to the person entitled thereto. If a party, or his
representative or successor, who is bound by the judgment, withholds
possession from the person thus declared to be entitled thereto, the court,
by order, in its discretion, besides punishing the disobedience as a
contempt, may require the sheriff to put that person into possession. Such
an order shall be executed as if it were an execution for the delivery of
the possession of the property.
The issuance of a writ of assistance to have the Sheriff remove a defendant who is fully cognizant of a real property action from the subject premises and place a successful plaintiff in possession of the premises is proper. Tri-Land Properties, Inc. v 115 West 28th Street, Corp., 267 AD2d 142 (1d Dept 1999); Lincoln First Bank, N.A. v Polishuk, 86 AD2d 652 (2d Dept 1982). However, the issuance of a writ of assistance is within the Court's discretion. Niman v Niman, 269 AD 645 (2d Dept 1945). The Court must give due regard to the interests of the parties in a specific circumstance. In the instant case, defendant Gallup has lived in the premises since 1995 and has maintained the property and paid real estate taxes (paragraph 4 of affirmation in support of cross-motion). In Barrett v Barrett, 284 AD2d 423 (2d Dept 2001), the Court held that, "The determination whether to grant a writ of assistance lies within the discretion of the trial court, and it must give consideration to the relative equities of the particular situation (see, Long Is. City Sav. & Loan Assn. v Levene, 138 NYS2d 573)."
Stays pending appeal and undertakings
A stay permits an appellant to prosecute an appeal without fear of losing his or her property during the pendency of an appeal. The maintenance of the status quo avoids having a prevailing party in an original judgment who is subsequently reversed on appeal from having used or spent the assets of the losing party in the original judgment. Without a stay a party who loses an original judgment but succeeds on appeal would have to bring an action for restitution, pursuant to CPLR § 5523, to regain any property lost to the original prevailing party. Professor David Siegel in NY Prac §535, at 884 (3d ed) cogently explains that a stay avoids the need for a restitution action by the party who succeeds on appeal in reversing a judgment. He instructs that without a stay during the pendency of an appeal "the appellant may in the meantime have been divested of valuable property without any guarantee that such restitution as may later be ordered against the respondent will be collectible; the respondent may have squandered the money and become insolvent in the interim. A stay avoids that."
For a stay to be granted to a party appealing a real property judgment, the appellant must
comply with CPLR § 5519 (a) (6), which in relevant part states:
(a) Stay without court order. Service upon the adverse party of a notice
of appeal or an affidavit of intention to move for permission to appeal stays all
 proceedings to enforce the judgment or order appealed from pending the appeal
[*3]
or determination on the motion for permission to appeal where: . . .
6. the appellant or moving party is in possession or control of real
property which the judgment or order directs be conveyed or delivered, and
an undertaking in a sum fixed by the court of original instance is given that
the appellant or moving party will not commit or suffer to be committed any
waste and that if the judgment or order appealed from, or any part of it, is
affirmed, or the appeal is dismissed, the appellant or moving party shall pay
the value of the use and occupancy of such property, or the part of it as to
which the judgment or order is affirmed, from the taking of the appeal until
the delivery of possession of the property; . . .[emphasis added]
The appellant must "give" an undertaking as a condition to a stay pending appeal. Article
25 of the CPLR governs undertakings. CPLR § 2501 states than an undertaking includes "a covenant by a surety to pay the required amount" and "any deposit, made subject to the required condition." CPLR § 2505 requires that
[a]n undertaking . . . shall be filed with the clerk of the court in which
the action is triable, or, upon an appeal, in the office where the judgment
or order of the court of original instance is entered, and a copy shall be
served upon the adverse party. The undertaking is effective when so
served and filed.
The Court in Du Jack v Du Jack, 243 AD2d 908, 909 (3d Dept 1997) made clear, that "[a]n undertaking is 'a sum fixed by the court' . . . which the parties are required to 'file[ ] with the clerk of the court' (CPLR 2505 [emphasis supplied])."
Further, a party may not act as a surety. Estate of Camarda, 103 Misc 2d 362, 364 (Sur Ct, Onondaga County 1980) defined "suretyship" as "a contractual relationship whereby one person engages to be answerable for the debt or default of another (Stearns, Law of Suretyship, Fifth Ed., 1951, page 1)." Further, "[e]very suretyship involves three parties: (1) principal, whose debt or default is the subject of the transaction, (2) obligee, one to whom the debt or obligation runs, (3) surety, one that undertakes to perform the debt or obligation if the principal does not." The Court of Appeals in Nichols v Maclean, 98 NY 458, 459 (1885) recognized that in an undertaking "[t]he appellant cannot himself sign as a surety." The Third Department applied this is in Alex v Grande, 29 AD2d 616 (1967), holding that "[a] party cannot be his own surety (CPLR 2501, subd. 1; 6212, subd. [b]; Nichols v Maclean, . . . )."
It is clear that an "undertaking" is in either the form of an obligation by a surety or an amount deposited with the Court. In the instant case, defendant Gallup asserts that she satisfies the statutory requirements for an undertaking with her investment in the premises and her upkeep of the property, and that she will not commit waste and pay use and occupancy if she does not prevail upon appeal (paragraphs 4 and 5 of affirmation in support of cross-motion and paragraphs 5, 6,and 7 of defendant Gallup's affidavit in support of cross-motion). She states in paragraph 6 of her affidavit in support of her cross-motion that, "in view of my longstanding commitment to the maintenance and upkeep of the premises, I not be required to deliver to the Clerk or this Court an additional undertaking in the form of a sum of money to be held during the pendency of [*4]defendants' appeal." In paragraph 7 she claims that if the Court "directs an additional sum of money be deposited, I submit that my Undertaking to maintain the property, make improvements and repairs thereon, and pay all carrying charges including all real estate taxes and utility bills, satisfies the statute." Defendant Gallup has failed to comply with the CPLR by not filing with the Clerk of the Court a surety bond or depositing with the Clerk of the Court a sum of money as an undertaking.
Defendant Gallup relies on Horowitz v Safeco Insurance Company of America, 50 AD2d 1042 (3d Dept 1975) for her atypical perspective. Horowitz, in the words of the Court, at 1043, has "a unique factual situation." Defendant claims that Horowitz provides that an undertaking is sufficient if an occupant promises that the occupant will in the undertaking pay "the value of the use and occupancy of the aforesaid premises" if the judgment is affirmed (paragraphs 7 and 8 of affirmation in support of cross-motion). In Horowitz, a case involving a warehouse lease, the plaintiffs received $31,860.80 from subtenants as use and occupancy during a three-month period in which the rental value of the warehouse was agreed to by the parties as $30,438.85. Plaintiffs brought this action on defendant's bond for rent plaintiffs claimed was still due during the three-month pendency of defendant's appeal. The Court found the issue in Horowitz, at 1043, to be:
[w]hether the plaintiffs, having received full value for the use and occupancy
of the premises for the pertinent period through its acceptance of rent from
the subtenants, can apply those moneys to past debts and collect from the
surety 'the value of the use and occupancy' for the same period.
The Court ruled that by collecting rents directly from the subtenants, as if the tenant was not in possession, allowed plaintiffs to receive "precisely what they would have received had there been no appeal. The undertaking did not provide that they should receive more." In the instant case, unlike Horowitz, there has not been any payment of use and occupancy and no surety bond was
filed.
Defendants urge that if this Court finds the need for an additional undertaking, beyond defendant Gallup's naked promise not to commit waste and to pay plaintiff Kay Morgan for use and occupancy if she prevails on appeal, the $9,736.48 judgment awarded defendant Gallup against plaintiff Kay Morgan should be deemed to be the "sum" required for an undertaking (paragraph 7 of affirmation in support of cross-motion and paragraph 8 of defendant Gallup's affidavit in support of cross-motion).
There is no doubt that defendants have not complied with the requirements of CPLR § 5519 (a) (6). They have failed to give "an undertaking in a sum fixed by the court of original instance."
Taking into account defendant Gallup's continued residence in the premises and her maintenance of the property, this Court, in exercising its discretion, will not issue a writ of assistance to plaintiff Kay Morgan pending defendant Gallup's filing of a proper undertaking within a reasonable period of time to be determined at a conference/hearing. This Court must determine the proper sum for an undertaking, if the parties cannot agree to the sum, taking into [*5]account any potential waste of the premises and providing for the use and occupancy of the premises during the pendency of the appeal should Justice Rappaport's judgment entered on December 11, 2003 be affirmed or the appeal dismissed.
Plaintiff's reply affirmation puts forward various theories to expound that the proper undertaking is either $290,000 or $200,0000 or $148,500. Plaintiff relies on Essa v Weiner, 178 Misc 2d 149 (Sup Ct, Kings County 1998), in which the parties entered into a contract for a $250,000 sale of real property. Defendant failed to convey the property and plaintiffs prevailed in a specific performance action. Defendant filed a notice of appeal, and executed a deed to plaintiffs which was deposited it with the Kings County Clerk, pursuant to CPLR § 5519 (a) (5). However, defendant did not give an undertaking, pursuant to CPLR § 5519 (a) (6). Plaintiffs moved to hold defendant in contempt and proposed an undertaking of $250 per day for an anticipated period of 400 days before a decision would be rendered on the appeal. The Court, at 151, held that the "defendant cannot avoid the giving of security as a condition for a stay." The Court agreed with plaintiffs that the undertaking should be $100,000, 40% of the agreed upon purchase price. In the instant case, unlike Essa, we do not have an agreed upon value of the premises.
Using Essa, plaintiff's counsel argues in paragraph 9 of his reply affirmation for a $290,000 undertaking, based upon a speculative formula and the letter of an alleged licensed real estate salesperson as to the possible value of the property (Exhibit D of reply affirmation). This letter is inadmissible as it is unsworn and fails to give any of the alleged expert's qualifications. Abrahamsen v Brockway Glass Company, Inc., 156 AD2d 615 (2d Dept 1989).
Plaintiff's alternative formulas arrive at either $200,000 or $148,500 as the correct undertaking sum. These formulas, relying on the inadmissible realtor's letter, are also speculative, presuming unproven amounts as to the value of the premises, the value of the use and occupancy of the premises, and the potential loss of value due to market conditions during the pendency of the appeal.
Conclusion
To balance the equities of the parties in the instant case, this Court will not order a writ of assistance to remove defendant Gallup from the subject premises, provided defendant Gallup gives a proper undertaking in a sum and time period to be fixed by this Court. To determine the fair and reasonable sum for this undertaking and the time period to give this undertaking, while defendant Gallup pursues an appeal of the December 11, 2003 order and judgment, this Court will conduct a settlement conference/hearing.
Therefore, it is hereby
ORDERED that plaintiff's motion for a writ of assistance, pursuant to RPAPL § 221, directing the Sheriff to put plaintiff Kay Morgan in possession of the premises known as 205 Rutland Road, Brooklyn, New York, is denied without prejudice, with leave granted to plaintiff Kay Morgan to move for a writ of assistance if defendants do not comply with the undertaking to be either stipulated to between the parties and/or ordered by this Court at a settlement conference/hearing; and it is further
ORDERED that defendants' cross-motion to be granted an automatic stay pursuant to CPLR § 5519 (a) (6) during the pendency of their appeal from the order and judgment of Justice Rappaport, entered on December 11, 2003, based upon an oral "undertaking" not to permit waste [*6]and to pay for use and occupancy if the December 11, 2003 judgment is affirmed or the appeal is dismissed is denied; and it is further
ORDERED that all parties to this action shall attend a settlement conference/hearing, being prepared to present, if necessary, any experts and admissible evidence as to the fair sum for the undertaking to be given by defendants, pursuant to CPLR § 5519 (a) (6), for a stay during the pendency of their appeal of Justice Rappaport's judgment, entered on December 11, 2003; and is it further
ORDERED that the above-mentioned settlement conference/hearing shall be on May 5, 2004, at 9:30 A.M., in Part 27, 15 Willoughby Street, Room 103A, before Justice Schack; and it is further
ORDERED that the Clerk of the Court is directed to enter judgment accordingly; and it is further
ORDERED that Justice Schack's Law Clerk shall serve forthwith a copy of this decision and order upon counsels for plaintiffs and defendants by first-class mail.
This constitutes the decision and order of the Court.
HON. ARTHUR M. SCHACK
 J. S. C.

Decision Date: April 16, 2004