## (December 10, 1964)

■  MAC LANDAU, Respondent, v. EVELYN LANDAU, Appellant.— Order entered October 15, 1964, denying plaintiff's motion for a temporary injunction and directing that the case be placed on the Trial Calendar of November 12, 1964, unanimously modified, on the law and on the facts, to the extent of deleting the last decretal paragraph providing for an immediate trial, and, as so modified, affirmed, with $30 costs and disbursements to defendant-appellant. The direction for an immediate trial runs contrary to the court rule providing for the consent of the parties as a condition precedent to the granting of an immediate trial where an application is made for a temporary injunction. (New York County Supreme Court Rules, Special Terms, rule II, subd. 8; *Audio Fid.* v. *Dukes of Dixieland,* 20 A D 2d 776; *Morton New York City Corp.* v. *Wolfson,* 15 A D 2d 645.) Concur — Breitel, J. P., Valente, McNally, Eager and Steuer, JJ.

■  In the Matter of the Construction of the Will of THOMAS HEALY, Deceased. ARTHUR K. HEALY et al., Appellants; THOMAS S. HEALY et al., Respondents.— Decree entered August 5, 1964, construing the will, unanimously reversed, on the law, on the facts and in the exercise of discretion, and the petition dismissed on the ground it was an unnecessary exercise of discretion, without costs. The general rule is to refuse to exercise discretion in aid of a construction unless there is a present need therefor. (*Matter of Lederer,* 4 A D 2d 623, 625.) A Surrogate is not required to consider and determine every question which may be raised by any of the parties as to the construction or validity of a will. (*Matter of Mount,* 185 N. Y. 162.) Where the construction sought is hypothetical and assumes the nonexercise of a valid testamentary general power of appointment, the need for the construction sought should be clear. (*Moore* v. *Emery,* 137 Me. 259; *Matter of Sterrett,* 300 Pa. 116.) The parties did not find it necessary to adduce testimony in aid of the construction sought. Hence, there is not present the possibility of the nonavailability of material testimony as in *Matter of Lederer (supra).* The petition for construction alleges that if the donees of the general testamentary powers of appointment exercise the powers, their estates will be subject to Federal and New York estate taxes. It is asserted the exercise of the powers will be obviated if the will is construed to give by implication the remainders to the issue of the donees in the event of nonexercise of the powers. Reduced to simple terms, the construction requested is in the nature of tax advice to the donees. "That is the province of counsel." (*Moore* v. *Emery, supra,* p. 788.) Concur — Rabin, J. P., McNally, Eager, Steuer and Witmer, JJ.