Per Curiam.

The rationale of the Surrogate’s. opinion is convincing and the result correct; and we write only to note additional factors sustaining his construction. The latent ambiguity in the devise of “ my residence” required proof of the surrounding circumstances “ to explain to what particular pieces of land the language of the will referred ” (Matter of Phipps, 214 N. Y. 378, 381, mot. for rearg. den. 215 N. Y. 652). In Phipps, the Appellate Division found that the bequest of ' ‘ my Homestead Farm ” included the tenant lands, and the Court of Appeals reversed, not only upon the intrinsic evidence of intent but because testator’s treatment of the parcels during his lifetime indicated that he never considered or treated them as unitary. The court said: “ The term ‘ Homestead Farm ’ as used in the will refers to the dwelling house where the testator and his family lived, with its appurtenances and outbuildings and the land used in connection therewith, and not to the tenant farm. [Citations.] ” (214 N. Y. 378, 380-381, supra). In this case, there is no evidence whatsoever that the farm acreage was used in connection with the dwelling plot or that testatrix ever regarded as part of her ‘ ‘ residence ’ ’, or as appurtenant to it, the acreage which her lessee had farmed for some 30 years. Thus, petitioner’s proof did not meet the tests required to be applied (Matter of Phipps, 214 N. Y. 378, supra; Matter of Stephan, 199 Misc. 118; Estate of Sandersfeld, 187 Cal. App. 2d 14; Cuppett v. Neilly, 143 W. Va. 845; 4 Page, Wills [Bowe-Parker rev.], § 33.19, p. 322; Ann., Devise of “ Home ”, 38 ALR 2d 840). During the 30-year period, the tenant and his family occupied the farm dwelling and he maintained on the farmlands and housed in the farm buildings his farm animals and equipment — which personalty, incidentally, would literally, and ineffectually, be included in testatrix’s gift of “ my residence and its contents ” (emphasis supplied), were petitioner’s theory of construction to be adopted. The farm was not testatrix’s place of abode but that of the tenant and his family.
Interestingly enough, the scrivener of the will, who could have been “ required ” to testify (CPLR 4503, subd. [b]), became the executor of, and attorney for, the estate and the conclusion implicit in his draft of an estate tax return setting up *742 the farm property as the subject of an exempt devise to the appellant church was, following his death, adopted by the petitioner-administrator c. t. a., and the return was filed in that -form.
The cases cited by the Appellate Division support its statement that the term ‘ ‘ ‘ residence ’ * * * may include adjoin-
ing areas but that result cannot be reached upon this record, devoid, as it is, of proof that the farm was used in connection with the separately maintained dwelling plot or that testatrix considered or treated the parcels as constituting a single residential unit.
The order of the Appellate Division should be modified, in accordance with this opinion,.and the decree of the Surrogate’s Court reinstated, with costs to all parties appearing separately and filing separate briefs payable out of the estate.
Chief Judge Fuld and Judges Burke, Scileppi, Bergan, Breitel, Jasen and Gibson concur in Per Curiam opinion.
Order modified, etc.