In the Matter of the Estate of HANS BORDEWICK, Deceased. GUNTHER GOEBEL, Appellant; EVELYN U. BORDEWICK, as Administratrix C.T.A. of the Estate of HANS BORDEWICK, Deceased, Respondent.

Third Department, October 26, 1978

APPEARANCES OF COUNSEL

*Nicholas D. Morsillo* for appellant.

*Zweig & Caldes (Theodore G. Caldes* of counsel), for respondent.

## OPINION OF THE COURT

MAIN, J.

On December 2, 1975 Hans Bordewick died testate a domiciliary of Columbia County, New York, and left an estate valued at $470,000. Under his will he left his wife, Evelyn Uffenwasser Bordewick, the sum of $10,000 and all his farm properties in Valatie, New York. Additionally, he made specific bequests of $5,000 to each of his two sisters, his housekeeper, a long time friend, and his nephew, Gunther Goebel. The remainder of his estate was to pass under the presently challenged paragraph "TWELFTH" of the will, a residuary clause, which reads, in pertinent part, as follows:

"1. Ten (10%) percent of the same to Hartwick College, Oneonta, New York, for the creation of the "HANS BORDEWICK SCHOLARSHIPS FUND". Said scholarships shall consist of Five Hundred ($500.00) dollar annual payments for needy students of either sex.

"2. Any remaining assets shall be apportioned to several of my relatives who are presently minors and residing in West Germany, and whose locations will be spelled out in a Codicil to this my Last Will and Testament."

No codicil was ever executed.

Following the death of Hans Bordewick, letters of administration with the will annexed were issued to his widow, and thereafter petitioner Gunther Goebel instituted three proceedings relative to the estate in the Surrogate's Court of Columbia County. Initially, in October of 1976 he made application for a judicial construction of paragraph "TWELFTH", and this was dismissed by the Surrogate on December 15, 1976. Next, he sought to compel an accounting for the $5,000 he was due under the will, and after the estate successfully claimed justification for the nonpayment of the funds, the petition was dismissed on November 15, 1977 with the direction that the estate pay the money into the court. Lastly, in March of 1978 he commenced a proceeding to compel an accounting on behalf of eight persons who were allegedly minor relatives of the deceased living in West Germany when the will was executed. In his petition he argued that these eight persons

were entitled to share in the residuary estate under paragraph "TWELFTH", but the court concluded that the testator had failed to effectively identify the minor relatives who were to take under this provision of the will. Accordingly, it denied the petition by order entered August 8, 1978.

█ On these appeals we consider firstly the order of August 8, 1978 and hold that it should be affirmed. At best the disputed provision of the residuary clause is ambiguous and vague as to what particular relatives were meant to share in the bequest and consequently resort may be had to extrinsic evidence to establish the true intent of the testator (*Matter of Goldstein,* 46 AD2d 449, affd 38 NY2d 876). Here, we have a sworn affidavit of the attorney who prepared the will (cf. *Matter of Taitt,* 87 Misc 2d 586), and in the affidavit the attorney stated that subdivision 2 of paragraph "TWELFTH" was not intended to be dispositive, but that the deceased planned to visit Germany and thereafter execute a codicil. The attorney further indicated that the provision should have read that both the "names" and the "locations" of the beneficiaries were to be spelled out in the codicil and that some months after the will's execution the deceased notified him by telephone that he had not yet decided how to dispose of the remaining assets. Such being the case and it being equally clear that the planned codicil would have been rendered unnecessary and superfluous if the challenged clause effectively disposed of the remaining residuary estate, the court properly denied the petition.

█ As for the remaining proceedings brought by petitioner in his own behalf, the petitions therein were likewise properly dismissed. No notice of appeal was ever filed from the court's decree of November 15, 1977, and with his $5,000 bequest paid into court petitioner has failed to provide any basis for overturning the Surrogate's decision. With regard to the petition for a judicial construction of paragraph "TWELFTH", petitioner is plainly not entitled to such a construction because his interest would not be affected in any way thereby (cf. *Matter of Healy,* 22 AD2d 868).

The decree and order should be affirmed, without costs.

SWEENEY, J. P., STALEY, JR., LARKIN and MIKOLL, JJ., concur.

Decree and order affirmed, without costs.