OPINION OF THE COURT
Chief Judge Wachtler.
The question in this will construction proceeding is whether decedent’s specific bequest of all her shares of common or preferred stock included her interest in the cooperative apartment in which she resided. We hold that it did not, and that the interest passes instead under the will’s residuary clause.
Elizabeth Carmer executed a will in 1973, when she was 72 years old, leaving everything to her husband if he survived her. He did not, however, and in that event the will provided: "I give and bequeath all shares of common or preferred stock of any corporation which I may own at the time of my death, *784 in equal shares to Barbara and Orlando Scoppettone, or if only one of them shall survive me, all to such survivor.” The will then provided that the remainder of the estate, with small exceptions inconsequential here, was given in equal shares to decedent’s niece and nephew and to decedent’s husband’s niece and nephew, if then living, or if not living, to the deceased residuary legatee’s issue, per stirpes.
At the time the will was executed decedent owned and possessed a deed to a home. Three years later, however, decedent’s husband died and the home was sold. Decedent then purchased shares in a cooperative corporation, entitling her to a proprietary lease in an apartment owned by the cooperative. She resided in this apartment until her death. After decedent’s death the interest in the cooperative apartment was sold, and the proceeds placed in escrow.
Barbara Scoppettone, a specific legatee of decedent’s stock, is respondent here. She is the wife of the other specific legatee, Orlando Scoppettone, who was the decedent’s financial advisor and also was named executor under her will. Appellant Willis Carmer Bailey is decedent’s husband’s nephew named in the residuary clause of the will. Each party now claims a right to the proceeds of the sale of the interest in the cooperative apartment — respondent under the specific stock bequest, and appellant under the residuary clause. The Surrogate granted summary judgment on this issue to appellant. The Appellate Division disagreed, and granted summary judgment to respondent. We now reverse.
The interest in a cooperative apartment is sui generis in modern property law, because it does not fit neatly into traditional property classifications; the interest is represented by shares of stock, which are personal property, yet in reality what is owned is not an interest in an ongoing business enterprise, but instead a right to possess real property (see, Matter of State Tax Commn. v Shor, 43 NY2d 151, 156; United Hous. Found. v Forman, 421 US 837, 851). Characterization of an interest in a cooperative apartment, therefore, is "not resolved by uncritical resort either to the rubrics governing real property or those governing personal property.” (Matter of State Tax Commn. v Shor, supra, at 156.) Instead, this court, and other courts, have assessed on a case-by-case basis which aspect of this paradoxical interest predominates, in order to determine the applicability of a particular rule of law or statutory scheme; for example, in United Hous. Found. v *785 Forman (supra, at 848-851) the United States Supreme Court held that because shares in a housing cooperative are purchased primarily to provide living space, and lack the characteristics traditionally associated with stock, they are not "securities” for the purpose of Federal securities laws, while in Matter of State Tax Commn. v Shor (supra, at 154) this court held that the personal property aspects of an interest in á cooperative apartment predominate in determining the priority of judgment creditors (see also, Weiss v Karch, 62 NY2d 849, 850 [a contract to sell a cooperative apartment is a sale of securities governed by the Uniform Commercial Code]; Rosner v 80 CPW Apts. Corp., 73 AD2d 39 [the sale of stock in a housing cooperative implicates the Statute of Frauds because it is the sale of an interest in real property]). In estate matters, the handling of interests in housing cooperatives by lower courts also is marked by tension between the residence ownership and corporate structure aspects of the interest; thus the gift of "any home of which I may die seized” was held to include the decedent’s interest in a cooperative apartment (Matter of Rockwell, 26 Misc 2d 709, 711), while the gift of "real estate” was found not to encompass such an interest (Matter of Miller, 205 Mise 770, 772).
In the case now before us, respondent argues that the decedent’s bequest of all her stock unambiguously includes the interest in the cooperative apartment, and that the court is without power "to change the clear and definite words of a will.” Nevertheless, while it might be linguistically defensible to mechanically hold that decedent’s gift to respondent of "stock” includes the disputed interest, this ignores that at issue here is not an ordinary investment security, but in substance a major capital expenditure securing a long-term living space. Thus the result respondent desires may not be facilely reached by focussing solely upon the word "stock” in the will; instead, a broader inquiry is necessary.
We begin, of course, with the elemental proposition that in construing a will the court’s foremost objective is ascertainment of decedent’s intent, and, concomitantly, effectuating the will’s purpose (e.g., Matter of Walker, 64 NY2d 354, 357). This task is not furthered by rote ascription of technical meanings to terms regardless of context; instead, "a sympathetic reading of the will as an entirety” is required (Matter of Fabbri, 2 NY2d 236, 240). The facts and circumstances of the will’s framing may be used to discern intent, and, if the will as a whole evidences a dominant purpose or plan for distribution, *786 "the individual parts of the will must be read in relation to that purpose and given effect accordingly” (id.; Matter of Thall, 18 NY2d 186, 192). In cases in which discovery of the decedent’s intent was more difficult, we have employed a presumption in favor of the testator’s relatives as against unrelated persons (e.g., Matter of Gulbenkian, 9 NY2d 363, 371; Matter of Larkin, 9 NY2d 88, 92).
In the case now before us, a sympathetic reading of the will as a whole evidences that, notwithstanding the use of the word "stock” in the specific bequest to respondent, decedent intended to give her major capital investment in her residence to her relatives. First, the will’s dominant scheme is to leave the bulk of decedent’s estate to her relatives. The primacy of these beneficiaries is evidenced by the structure of the will; it was framed so that if decedent’s husband predeceased her, which he did, everything was left to her relatives. To this decedent made the exception of a gift of her "stock” to her financial advisor and his wife, the respondent. The gift also was limited; if neither respondent nor her husband survived decedent, the stock would pass through the residuary clause of the will to decedent’s named relatives, including appellant, or their issue.
Moreover, decedent owned a home when the will was framed, an interest that beyond dispute at that time was intended to pass to decedent’s relatives through the residuary clause of the will. When decedent sold her home and purchased an interest in a cooperative, the legal form of her home ownership changed, but her economic situation did not; she still had made a major capital expenditure to secure a living space, for a period, in essence, until she died or sold the interest. In fact, at the time of her death decedent’s interest in her residence was her single greatest asset, making up between one quarter and one third of her estate.
Thus it would turn decedent’s distributive scheme on its head, ignoring both the primacy of her relatives under the will and the limited nature of the gift to respondent, to hold that under these circumstances the bequest of "stock” exhibits decedent’s intent to make a gift of her interest in her residence to respondent. To the contrary, in view of the facts and circumstances surrounding the will’s drafting, read as a whole the document manifests decedent’s intent that her relatives take the interest in her residence. Also noteworthy is decedent’s modification of the term "stock” with the words "com *787 mon or preferred,” which, while generally associated with business enterprises, are not used to classify interests in cooperative apartments. The term "common or preferred stock”, therefore, seen in the context of the entire will, refers only to interests in business corporations, and not to an interest in decedent’s home.
Indisputably, for many commercial purposes the law treats a shareholder’s interest in a cooperative apartment primarily as an interest in a corporation. Here, however, the intent of the decedent controls, not the technical definitions found in commercial law. The will manifests decedent’s intent to leave the interest in her home to her relatives, and to this intent the court must give effect.
Accordingly, the decree appealed from and the order of the Appellate Division brought up for review should be reversed, and the executor directed to distribute the proceeds of the sale of the cooperative stock to the residuary legatees, with costs to all parties appearing separately and filing separate briefs payable out of the estate.
Judges Simons, Kaye, Alexander, Hancock, Jr., and Bellacosa concur; Judge Titone taking no part.
Decree appealed from and order of the Appellate Division brought up for review reversed, etc.