■ In the Matter of JAMES J. SCHAFFNER, Appellant. ESTATE OF CLARENCE D. SCHAFFNER, Deceased, Respondent.—Order unanimously reversed on the law with costs and matter remitted to Allegany County Surrogate's Court for further proceedings, in accordance with the following memorandum: In this will construction proceeding, Surrogate's Court determined that paragraph SEVENTH of the will was clear and unambiguous and required that the residual estate of decedent be divided in five equal shares among petitioner, who was decedent's brother, and the four living children of decedent's brother Roy F. Schaffner, who predeceased him. We disagree. The subject clause of the will provided in part: "Upon the death of my said brother, ROY F. SCHAFFNER, whether before or after my death, the said trust shall terminate and the said property with any accumulated income thereon shall be distributed in equal shares unto my brother, JAMES JOSEPH SCHAFFNER, and the living issue of my brother, ROY F. SCHAFFNER, per stirpes." It is unclear whether the testator's intent was to distribute his residual estate equally between petitioner, his surviving brother, and the living issue of his deceased brother as a class (see, e.g., Ferrer v Pyne, 81 NY 281) or among the five individuals in equal shares per capita. Given this ambiguity, extrinsic proof should be taken to aid the court in determining the testator's true intent (see, Matter

*of Goldstein,* 46 AD2d 449, *affd* 38 NY2d 876; *Matter of Collia,* 123 Misc 2d 1014, 1019-1020; *Matter of Taitt,* 87 Misc 2d 586, 589). We, therefore, remit this matter to the Surrogate for a hearing at which extrinsic evidence may be introduced as to the testator's intended distribution of his residual estate *(see, Matter of Lust,* 35 AD2d 997). (Appeal from order of Allegany County Surrogate's Court, Sprague, S.—will construction.) Present—Dillon, P. J., Green, Lawton, Davis and Lowery, JJ.