OPINION OF THE COURT
Lee L. Holzman, J.
In this proceeding for a construction of Article fourth of the decedent’s will, the principal question presented is whether the term “survivors” is a term of like import to “the term ‘heirs,’ ‘heirs at law,’ ‘next of kin’” (EPTL 2-1.1) and, consequently, is required under EPTL 2-1.1 to be construed as meaning the distributees of the decedent’s predeceased brother. In the event that such a construction is mandated by EPTL 2-1.1, a portion of 50% of the residuary estate would be paid to the estate of the brother’s postdeceased second spouse, the beneficiaries of her estate being her three children from a prior marriage instead of the three children from the brother’s prior marriage. Although Matter of Fischer (188 Misc 654) is authority for construing “survivors” to mean “distributees,” this court, for the reasons stated below, reaches a different conclusion on the facts of this case.
Article fourth of the decedent’s will, executed on August 18, 1988, provides as follows:
“All the rest, residue and remainder of my estate * * * I give, devise and bequeath in the following proportions and to the following beneficiaries, as follows:
“1. To my brother león bernstein I bequeath fifty percent (50%) of my residuary estate or to his survivors.”
The decedent died on March 22, 1996. His brother, Leon Bernstein, predeceased on September 22, 1993. Leon’s distributees were his wife, Marion Bernstein, and three children from a prior marriage. Marion Bernstein postdeceased Leon Bernstein on October 7, 1998. Her distributees are three children from a prior marriage.
With respect to paragraph 1 of Article fourth, the petitioners, the coexecutors of the estate, take the position that the word “survivors” should be construed to mean the children of Leon Bernstein, and his children have appeared in support of this construction. Marion’s children, the respondents, have appeared in opposition and argue that the word “survivors” should be construed to mean “distributees,” and, accordingly, a share of the residuary estate vested in their mother, which has now passed to them as a result of her having died intestate. All of the parties who have appeared have submitted the issues for determination based upon the papers.
*495 The petitioners and Leon’s children contend that EPTL 2-1.1 does not apply to the term “survivors” and that the inartful manner in which the will was drafted and the extrinsic evidence reflect that the testator, in accordance with the presumption that prefers heirs of the blood over strangers as well as the public policy enunciated in EPTL 3-3.3, intended the term “survivors” to mean Leon’s children. The respondents rely upon Matter of Fischer (supra), a case in which the bequest was made to the testatrix’ sister “ ‘or her survivors’.” (Supra, at 654.) The court held that “survivors” was a term of like import to “heirs” and, thus, under the predecessor to EPTL 2-1.1, had to be construed as comprising all of the predeceased sister’s distributees, including her husband. They also contrast the use of the word “survivors” in the first paragraph with the use of the word “issue” in the second paragraph as evidence of the decedent’s intent that the contingent beneficiaries of Leon’s legacy were his distributees instead of the narrower class of issue.
The paramount rule in every will construction proceeding is to discern and carry out the intention of the testator (Matter of Cord, 58 NY2d 539; Matter of Thall, 18 NY2d 186; Matter of Dammann, 12 NY2d 500; Matter of Larkin, 9 NY2d 88; Matter of Fabbri, 2 NY2d 236) rather than that of the draftsman (Matter of Cord, supra). Where the meaning of the language used in a will is clear, it must be enforced as written without reference to extrinsic or parole evidence with respect to the testator’s original intent (Matter of Cord, supra; Matter of Jones, 38 NY2d 189; Matter of Johnson, 32 AD2d 239, affd 26 NY2d 858; Matter of Campbell, 171 Misc 2d 892). On the other hand, when the instrument contains an ambiguity, extrinsic evidence is admissible to illuminate the true intention of the testator (Matter of Schermerhorn, 31 NY2d 739; Matter of Goldstein, 46 AD2d 449, affd 38 NY2d 876; see also, Matter of McCabe, 269 AD2d 727; Matter of Schaffner, 162 AD2d 972; Matter of Bordewick, 64 AD2d 183; Matter of Collia, 123 Misc 2d 1014). In Matter of Bordewick (supra), the Court considered the affidavit of the attorney-draftsman of the instrument to determine whether the testator effectively identified the minor relatives who were to share in the residuary estate.
Here, the court finds that the word “survivors” is ambiguous with regard to the intended contingent beneficiaries of the bequest to the testator’s brother. Although Surrogate Delehanty found this word to be a term of like import to “heirs” in Matter of Fischer (supra), this conclusion is not supported by the *496 definitions contained in Webster’s Dictionary or Black’s Law Dictionary. The definition in the latter is simply “[o]ne who outlives another” (Black’s Law Dictionary 1459 [7th ed]). Thus, a precise, literal construction of the term would include as beneficiaries all who were alive at the moment that the testator died. Obviously, this is not what the testator intended. In Matter of Atkins (193 Misc 273), a case which is clearly distinguishable from the instant case, it is nevertheless interesting to note that, in the context of that will, Surrogate Collins construed the term “living survivors” as synonymous with “surviving issue.”
The court having found that the term “survivors” is ambiguous, extrinsic evidence may be considered. The depositions of the attorneys who were involved in the drafting of the will and a perusal of the entire will reflect that the drafting of wills does not fall within the area of expertise of these attorneys. Consequently, it would not be wise to place too great an emphasis on why different words had been used in different paragraphs to reflect the same intent. In fact, the attorney who discussed the testamentary scheme with the testator testified that the testator told him that he wanted Leon’s children to receive the legacy in the event that Leon predeceased. However, the court is also wary of placing too great an emphasis on statements about the decedent’s purported intent when such statements are not supported by contemporaneously prepared notes. To rely on such purported direct statements of intent comes perilously close, if not over the line, of admitting an oral will to probate.
Here, there is no extrinsic evidence to indicate either that the testator had a special relationship with Marion, his sister-in-law, or that he would prefer that she and possibly her issue receive as much or more of his estate than his own nieces and nephew. The respondents have not indicated the portion of the estate to which they claim they are entitled. If the term “survivors” is construed to mean not only “distributees” but also “distributive share,” then Marion’s children through her would end up with the first $50,000 of the legacy originally intended for Leon and also one half of the balance (see, EPTL 4-1.1 [a] [1]). Such a result would run contrary to the preference in will construction proceedings to favor a disposition to blood relatives over those who are not so related (Matter of Gulbenkian, 9 NY2d 363; Matter of Hesch, 133 AD2d 994). Inasmuch as the decedent’s brother and his surviving spouse, Marion, had both had children from prior marriages and were *497 past the age that they would expect to have children together, in the absence of establishing that the decedent and Marion had a close relationship, the inartful word “survivors” is not a sufficient basis to conclude that the testator intended for Marion or her issue to take at the expense of his own nieces and nephew. Considering that Marion was 72 years of age when the will was executed and that the gross estate has a value of almost $800,000, it would have been apparent to the testator that there was a significant possibility that all or any part of any bequest that might be received by Marion would ultimately vest in her children rather than the testator’s own nieces and nephew. The court cannot find either within the four corners of the will or from the extrinsic evidence that the testator intended that, in the event that his brother predeceased, such a large bequest should be made to any person who was not related to him.
Accordingly, the court holds that the legacy in the first paragraph of Article fourth passes in equal shares to Leon’s three children. This determination is reached on the alternative grounds that the word “survivors” in the context of this will means Leon’s issue, or that the term is so ambiguous that it cannot be deemed a meaningful direction “otherwise” in the will to change the statutory presumption under EPTL 3-3.3 that a bequest to a sibling of the testator who predeceases the testator passes to the predeceased sibling’s issue by representation.
[Portions of opinion omitted for purposes of publication.]