OPINION OF THE COURT
Lee L. Holzman, J.
The petitioner, who is the son of the deceased grantor and his first wife, seeks to construe article second (A) (2) of the above *215 trust as granting to the decedent’s surviving spouse, his second wife, a “right of occupancy” at the “Grantor’s residence property” (a private house in Riverdale) rather than a life estate. This paragraph of the trust provides that upon the grantor’s death an undivided one-third interest in the realty at issue is allocated to the portion of the trust solely for the benefit of the spouse together with her right “to reside in such residence property for as long as she shall so desire.” The paragraph goes on to provide that “at such time as the . . . property . . . shall be sold” that one third of the net proceeds shall be allocated to the spouse’s share of the trust and be paid outright to her, with the balance to be paid in equal shares to the son and daughter. The petitioner and the respondents, the decedent’s surviving spouse and daughter, stipulated that the papers submitted should be treated as a motion and cross motion for summary judgment.
The deceased grantor was the sole beneficiary of the trust during his life and he was also a cotrustee together with the petitioner and the respondents. He deeded the realty at issue to the trustees on September 18, 1995. The grantor died on November 15, 2001. The petitioner asserts that, in the spring of 2002, the spouse forfeited her right to occupy the premises by moving to Tennessee and permitting her daughter and son-in-law to reside at the premises. He also contends that the daughter should pay rent to the trust for the period that she has resided at the premises and that, pursuant to the terms of the trust, the trustees should be directed to sell the realty and distribute the proceeds in equal shares to the petitioner, the daughter and the spouse.
The respondents deny that the spouse ever stopped using the property as her primary residence. However, they also contend that even if she had, the relief requested by the petitioner must be denied on the following alternative grounds: (1) the fact that the spouse might not have used the Bronx property as her only or primary residence for a period of time does not constitute a forfeiture of her right to reside there for “as long as she shall so desire”; (2) the trust created a life estate in the spouse and, consequently- she is not required to reside at the property; (3) the trust created a one-third fee interest in the property in the spouse and, consequently, she is a tenant in common who cannot be ousted by the other cotenant, the trust; and (4) the petitioner does not have standing to commence this proceeding because he is only one of the three surviving cotrustees and the other two trustees, the respondents, have not joined in this application.
*216 The grantor and his surviving spouse resided at the premises at issue for the 36 years of their marriage. The trust has no assets other than the realty. The spouse, with the “partial assistance” of her daughter, has paid all of the expenses and taxes for the property since the grantor’s death. The spouse alleges, without contradiction, that all of her furniture and belongings, including most of her clothes, have never left the premises. Her allegations that she votes in New York, pays taxes in New York and that her medical insurance and doctors are in New York are also uncontroverted. Nevertheless, the spouse concedes that she has shared the premises with her daughter and son-in-law since sometime in 2002 and they continue to reside there. She also concedes that she owns property in Tennessee which she inherited from an aunt. However, she asserts that she only stays at the Tennessee property occasionally and that since the death of her parents, who had lived in Tennessee, she has no interest in living anywhere but with her daughter in New York. The son asserts that, at the very least, the spouse’s primary residence was in Tennessee from the spring of 2002 until he verified the petition in this proceeding in November of 2004.
The party opposing a motion for summary judgment is entitled to every favorable inference and issues of credibility may not be determined on the motion but must await the trial (Westhill Exports v Pope, 12 NY2d 491 [1963]). Here, the petitioner’s motion must be denied because even if the trust is construed, as urged by the petitioner, as creating merely a “right of occupancy” in the spouse, the authorities cited by the petitioner do not hold that the spouse has lost her right to occupy the premises if the spouse establishes at trial her allegations that she continued to use the Bronx house as her primary residence. On the other hand, assuming, as the court must to grant the respondents’ motion, that the spouse used her Tennessee home as her primary residence for a period of approximately 30 months and that during this period her daughter and son-in-law were residing in the Bronx house without paying rent, these facts do not support a holding that the spouse has forfeited her right to reside in the Bronx house “for as long as she shall so desire.”
The primary purpose in construing a will or trust is to ascertain and give effect to the intent of the creator as expressed in the instrument (Matter of Carmer, 71 NY2d 781 [1988]; Matter of Larkin, 9 NY2d 88 [1961]). Whenever possible, intent should be determined from the four corners of the instrument *217 itself (Matter of Cord, 58 NY2d 539 [1983]; Matter of Jones, 38 NY2d 189 [1975]). However, in determining the creator’s dominant purpose or plan for distribution, the court should not focus on the dictionary definition of a single word or phrase but instead should read all of the provisions of the instrument and consider the circumstances surrounding its execution (Matter of Gustafson, 74 NY2d 448 [1989]; Matter of Thall, 18 NY2d 186 [1966]; Matter of Fabbri, 2 NY2d 236 [1957]).
Although the spouse may only have one domicile at any given time, she may have many residences (Matter of Newcomb, 192 NY 238 [1908]). Here, there is no language in the trust that requires the grantor’s spouse, who had lived in the Bronx home with him for 36 years, to live continuously in the home or to use it as her primary residence in order to prevent the home from being sold against her wishes. Instead, the trust places no condition on her right to reside there “for as long as she shall so desire.” It is possible that the spouse could act in a way that would be inconsistent with a purported desire to ever again reside in the premises. For example, it would be a different case, which the court need not determine based upon the facts alleged herein, if the spouse had purported to convey a life estate to a third party. However, the spouse’s uncontroverted allegations that all of her belongings continuously remained in the Bronx house, that she continued to pay New York taxes, voted in New York and used a New York health plan and doctors establish that she had not done anything that is inconsistent with her right to reside at the premises if she so desires.
It is perhaps understandable that the petitioner is frustrated by the circumstance that he will not benefit from his father’s trust until the realty is sold, while his sister is living there with her husband rent free and without any obligation other than contributing to the expenses and taxes. However, the trust does not provide that the spouse must live at the premises full time or alone. Instead, the specific language of the trust, as well as a sympathetic reading of the instrument as a whole and the circumstances surrounding its execution, reflect that the grantor’s primary intent with respect to the marital residence, where he had resided with his spouse for over 30 years at the time the trust was created, was that the spouse should be permitted to keep it for her use as a residence “for as long as she shall so desire.” It is only “at such time as the . . . property . . . shall be sold,” to wit, when the spouse no longer desires to have it available for her use as a residence or when she dies, that the *218 grantor’s two children shall each receive their share of the proceeds. In other words, the instrument read in its entirety reflects that, provided that the spouse is willing to pay the expenses of the marital residence, she has the option of either keeping it available as her residence or selling it and receiving one third of the proceeds. It does not become the son’s option either to demand the sale of the premises solely because it might not have been the spouse’s primary residence for a period of time or to demand rent from the spouse’s daughter because the spouse is willing to share the premises with her.
In holding that the petitioner is not entitled to the relief requested based upon his own version of the facts, the court is not making a determination with respect to whether or not the petitioner has either a life estate in the property or a fee interest in any portion thereof. Instead, the court is solely holding that the fact that the spouse’s Tennessee property might have been her primary residence for a 30-month period does not entitle the petitioner, under the terms of the trust, to the relief he has requested where, as here, the uncontroverted factual allegations establish that the spouse has not done anything that is inconsistent with her keeping the Bronx home as one of her residences.
For the reasons stated above, the petitioner’s motion for summary judgment is denied and the respondent’s cross motion for summary judgment dismissing the petition is granted.