Matter of Anderson (2020 NY Slip Op 03197)





Matter of Anderson


2020 NY Slip Op 03197


Decided on June 4, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 4, 2020

Renwick, J.P., Gische, Webber, Oing, Moulton, JJ.


11618 2746A/16

[*1] In re Emlie Anderson, etc. Deceased.
The Estate of Joan Anderson by its Executrix, Emlie Anderson, et al., Petitioners-Appellants,
v
Sue Renee Bernstein, etc., et al., Respondents-Respondents.


Scarola Zubatov Schaffzin PLLC, New York (Richard J.J. Scarola of counsel), for appellants.
Farrell Fritz, P.C., Uniondale (Robert M. Harper of counsel), for Natural Resources Defense Counsel, Inc., respondent.
Holland & Knight LLP, New York (Sean C. Sheely of counsel), for Medecins Sans Frontieres USA, Inc. and Save the Children Federation, Inc., respondents.
Letitia James, Attorney General, New York (Joshua M. Parker of counsel), for Office of the New York State Attorney General, respondent.



Order, Surrogate's Court, New York County (Nora S. Anderson, S.), entered on or about February 28, 2019, which denied the petition brought pursuant to SCPA 1420 to construe a 30-day survivorship clause in the decedent Jill Morris's will as inapplicable to certain bequests to Joan Anderson, unanimously affirmed, without costs.
Article Eighth of the decedent Jill Morris's will states: "I make the following gifts of tangible personal property to the following entities . . . and persons (provided that he or she survives me by thirty (30) days)." It then makes 11 gifts to 12 beneficiaries, including Joan Anderson, to whom the decedent bequeathed $100,000, two residences, and various tangible property. Anderson died 12 days after the decedent's death.
The Surrogate's Court correctly concluded that a fair reading of Article Eighth "together with the will as a whole" supports the conclusion that the decedent intended all assets of substantial value, including the residences, cash, and all other property in Article Eighth, to pass subject to a survivorship condition, and that the gifts to Anderson were not exempt from that requirement (see Matter of Fabbri, 2 NY2d 236, 240 [1957]; Matter of Bieley, 91 NY2d 520, 524 [1998]; Matter of Carmer, 71 NY2d 781, 785 [1988]). Surrogate's Court correctly reasoned that the reference to solely "tangible property" in the introductory clause in Article Eighth was the product of "inept drafting," rather than any desire to exclude the two residences or cash from the survivorship requirement. As a result, the bequests lapsed and will go to the respondent charitable institutions as part of the residuary estate.
The Surrogate's Court properly declined to grant discovery or receive extrinsic evidence because the decedent's intent could be gleaned from the four corners of the will (Matter of King, 198 AD2d 115 [1st Dept 1993]; Matter of Chernik, 150 AD3d 728, 730 [2d Dept 2017]).
We have considered petitioner's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 4, 2020
CLERK