Matter of Peters (2024 NY Slip Op 04660)

Matter of Peters

2024 NY Slip Op 04660

Decided on September 27, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 27, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., LINDLEY, OGDEN, GREENWOOD, AND KEANE, JJ.

563 CA 23-01297

[*1]IN THE MATTER OF THE ESTATE OF DAVID C. PETERS, DECEASED. TONAWANDA INDIAN BAPTIST CHURCH, PETITIONER-APPELLANT; COREEN THOMPSON, ADMINISTRATOR C.T.A. OF THE ESTATE OF DAVID C. PETERS, DECEASED, RESPONDENT-RESPONDENT.

HODGSON RUSS LLP, ROCHESTER (CATHERINE GRANTIER COOLEY OF COUNSEL), FOR PETITIONER-APPELLANT.
LAW OFFICES OF JOHN P. BARTOLOMEI, NIAGARA FALLS (MATTHEW J. BIRD OF COUNSEL), FOR RESPONDENT-RESPONDENT. 

 Appeal from a decree (denominated order) of the Surrogate's Court, Genesee County (Melissa Lightcap Cianfrini, S.), entered April 21, 2023. The decree, inter alia, dismissed the petition. 
It is hereby ORDERED that the decree so appealed from is unanimously affirmed without costs.
Memorandum: Petitioner, Tonawanda Indian Baptist Church (Church), commenced this proceeding pursuant to SCPA 1420 (1) seeking construction of certain provisions of the last will and testament (will) of David C. Peters (decedent). Respondent, Coreen Thompson, Administrator C.T.A. of the estate of decedent (Coreen), opposed the petition. At the time of his death, decedent was the owner and operator of the Arrowhawk Smoke and Gas Shop (Arrowhawk). In his will, decedent devised the assets of Arrowhawk to his daughter Coreen and his brother, Thomas Peters (Thomas), "which assets shall be used by them in the continuing operating business pursuant to the separate Business Management Agreement" (Management Agreement). The will further provided that, in the event that Coreen and Thomas "do not agree and become party to the Management Agreement, their share (one or both) shall pass" pursuant to clause Sixth C. of the will. That clause provided, in relevant part, that "[i]n the event that the parties cannot agree on the ongoing business management pursuant to the [Management] Agreement, the underlying assets shall be sold to a qualified buyer (Native American) and the proceeds shall pass to the [Church]." In its petition, the Church sought a construction of the will to find that the contingent bequest to the Church had vested inasmuch as Coreen and Thomas had not reached an agreement regarding the ongoing operation of Arrowhawk.
Coreen moved to dismiss the petition. That motion was denied by Surrogate's Court (Mohun, A.S.). The Surrogate found a latent ambiguity in the will and determined to hold a hearing at which he would receive evidence and hear arguments for and against the construction of the will as urged by the Church. The parties, however, thereafter agreed that a hearing was not necessary and consented to submit the issue for determination on papers only. Surrogate's Court (Cianfrini, S.) thereafter issued a decree that, inter alia, denied the relief sought by the Church. The Church appeals.
Initially, the Church contends that the doctrine of the law of the case precluded the Surrogate from reversing the prior finding that the will contained a latent ambiguity. Even assuming, arguendo, that the Surrogate was bound by the law of the case doctrine, "this Court is not bound by the doctrine of law of the case, and may make its own determination" (Iskalo Elec. [*2]Tower LLC v Stantec Consulting Servs., Inc., 219 AD3d 1157, 1158-1159 [4th Dept 2024]; see William Metrose Ltd. Bldr./Dev. v Waste Mgt. of N.Y., LLC, 225 AD3d 1223, 1224 [4th Dept 2024]; Matter of Panella [appeal No. 2], 218 AD3d 1198, 1203 [4th Dept 2023]).
Contrary to the Church's further contention, it is not entitled to the relief sought in its petition. "[I]n construing a will, the intention of the testator must be [the] 'absolute guide' " (Matter of Bieley, 91 NY2d 520, 525 [1998]; see Matter of Carmer, 71 NY2d 781, 785 [1988]; Matter of Bonanno, 151 AD3d 718, 719 [2d Dept 2017]). In ascertaining decedent's intent, " 'a sympathetic reading of the will as an entirety' is required" (Carmer, 71 NY2d at 785, quoting Matter of Fabbri, 2 NY2d 236, 240 [1957]). "[T]he best indicator of the testator's intent is found in the clear and unambiguous language of the will itself and, thus, where no ambiguity exists, [e]xtrinsic evidence is inadmissible to vary the terms of a will" (Matter of Scale, 38 AD3d 983, 985 [3d Dept 2007] [internal quotation marks omitted]; see Estate of Anderson v Bernstein, 184 AD3d 429, 429 [1st Dept 2020], lv denied 36 NY3d 910 [2021]). "If, on the other hand, a provision of the will is ambiguous, extrinsic evidence is properly considered in discerning the testator's true intent" (Matter of McCabe, 269 AD2d 727, 729 [3d Dept 2000]; see Matter of Schermerhorn, 31 NY2d 739, 741 [1972]).
Here, it is clear from the terms of the will that it was decedent's intent to give the assets of Arrowhawk to Coreen and Thomas, to be used by them in the continued operation of the business. Shortly after decedent's death, Coreen and Thomas each signed an "Adherence Agreement" in which they agreed to adhere to and be bound by the Management Agreement. By entering into the adherence agreements, Coreen and Thomas agreed on the ongoing business management of Arrowhawk pursuant to the Management Agreement; their rights to the assets of Arrowhawk then vested, and the Church's contingent interest was extinguished. The Surrogate thus properly denied the construction of the will sought by the Church (see generally Matter of Lynch, 113 AD3d 616, 618 [2d Dept 2014]).
Entered: September 27, 2024
Ann Dillon Flynn
Clerk of the Court